FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

AUG 0 9 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF THE APPLICATION  :
OF THE UNITED STATES   : NOS. *18-2047-SAG*  *to*
OF AMERICA FOR A SEARCH WARRANT  :
REQUIRING DISCLOSURE OF  :    *18-2050-SAG*
HISTORICAL CELLULAR SITE INFO.  :

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT
### REQUIRING DISCLOSURE OF HISTORICAL CELLULAR SITE INFORMATION

Jessica Woodin, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") being duly sworn, states:

1.     This affidavit is being submitted in support of an application for a search warrant to search the records of AT&T, Sprint, T-Mobile, and Verizon Wireless ("the Service Providers") to disclose certain records and other information pertaining to the cellular telephone towers described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A.

2.     The applied for warrant would authorize the analysis of the transactional records for the purpose of identifying the individuals responsible for an armed carjacking and attempted possession of stolen firearms at the specified location described in this affidavit, by members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation.

3.     Because this affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a

1

determination of probable cause.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, police officers, witnesses, cooperating sources, telephone records, and reports. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.       Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 2119 - Armed Carjacking and 18 U.S.C. § 922(j) – Possession of Stolen Firearms, have been committed by the unknown subjects described herein.  There is also probable cause to believe that a search of the cell tower data as described below and in Attachment A will result in identification of the subjects and the recovery of items constituting evidence of this criminal violation.

## AGENT BACKGROUND

5.       I am "an investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in 18 U.S.C. § 2516.

6.       I am a Special Agent with ATF and am currently assigned to a joint task force comprised of ATF agents and detectives from the BPD.  I have been employed by the ATF since 2013.  I have participated in investigations focusing on controlled dangerous substance (CDS) trafficking, home invasions, gangs, carjackings and illegal firearms.  I have conducted covert surveillance of suspected CDS traffickers, interviewed individuals involved in gangs, CDS trafficking, and firearms trafficking, participated in Title III wiretap investigations as a monitor and member of surveillance teams, participated in the execution of numerous state and federal

2

search and arrest warrants involving CDS traffickers, firearms traffickers, and violent offenders, to include home invasion crews, and participated in the seizure of numerous firearms and controlled dangerous substances.

## PROBABLE CAUSE

7.      The ATF, Baltimore City Police Department ("BPD") and the Baltimore County Police Department ("BCPD") are conducting a criminal investigation involving two armed carjackings connected to an attempted burglary of a Federal Firearms Licensee (FFL) committed by at least two unidentified individuals.

8.      On April 29, 2018, at approximately 11:42 PM, BPD received a call for an armed carjacking in the 800 block of Belgian Avenue, Baltimore, Maryland. The victim reported that two unknown males dressed in all black and wearing ski masks stole his 1999 burgundy Jeep Grand Cherokee (MD tag 1CW2961).  The victim also reported that the men stuck an unknown black caliber pistol in his face and stated, "give me your key."

9.      On April 30, 2018, at approximately 12:54 AM, BCPD received a call for an armed carjacking at 702 Peterson Road, Middle River, Maryland.  The victim reported that two unknown males dressed in all black with ski masks opened the doors of his 2010 silver Honda Accord (MD tag 3DF7532).  One suspect pointed a black unknown caliber pistol in the victim's face and said, "Get out of the car".  The other suspect stated, "Give me the keys." The victim exited the vehicle; the two suspects entered and fled the area. The victim noticed a burgundy vehicle turn around and follow behind the stolen Honda.

10.      That same day at 2:34 AM, BCPD received a call for an attempted burglary at Freestate Gun Range, located at 11500 Crossroads Circle, in Middle River, Maryland.  Officers

3

located the burgundy Jeep Cherokee described in paragraph 8 parked on the sidewalk in front of the business entrance door.  The Jeep was still running and appeared as if it had been used in a failed attempt to gain entry into the gun range.  Officers did not locate any suspects at the scene leading investigators to believe that there was a second get-away car.

11.    Based on the evidence gathered to date and my knowledge, training, and experience, I believe that the same suspects committed both carjackings and the attempted burglary/attempted possession of stolen firearms.   I know that individuals involved in carjackings frequently use cellular telephones, communication devices, and other electronic media storage to further their illegal activities.  I know that it is not uncommon for suspects to communicate via cellphone before, during and after a robbery has been committed in order to coordinate their planning and commission of the robbery as well as to coordinate their flight from the scene of the crime.   I have investigated multiple carjackings in which the subjects have used two way communications and believes the subjects in the above described robberies did the same.[1]

12.    Based on the above, I believe the information requested in the search warrant can assist in identifying the suspect or suspects and as evidence in court for the crime of carjacking and attempted possession of stolen firearms.

## FACTS ABOUT CELL TOWERS IN GENERAL

13.    Many cellular service providers maintain antenna towers ("cell towers") that serve specific geographic areas. Each cell tower receives signals from wireless devices, such as cellular

---

[1] An order pursuant to 18 U.S.C. §  2703(c) & (d) was issued on May 7, 2018 by the Honorable Judge J. Mark Coulson, for the other carjacking and attempted FFL burglary (pre-*Carpenter*).  *See* 18-388.

phones, in its general vicinity. These cell towers allow the wireless devices to transmit or receive communications, such as phone calls, text messages, and other data. The tower closest to a wireless device does not necessarily serve every call made to or from that device.

14.      In addition to a unique telephone number, each cell phone is identified by one or more unique identifiers. Depending on the cellular network and the device, the unique identifiers for a cell phone could include an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI").

15.      Cellular service providers routinely maintain historical cell-tower log information, including records identifying the wireless telephone calls and communications that used a particular tower. For each communication, these records may include the telephone call number and unique identifiers for the wireless device in the vicinity of the tower that made or received the communication ("the locally served wireless device"); the source and destination telephone numbers associated with the communication (including the number of the telephone that called or was called by the locally served wireless device); the date, time, and duration of the communication; the "sectors" (i.e., the faces of the towers) that received a radio signal from the locally served device; and the type of communication transmitted through the tower (such as phone call or text message).

## PURPOSE OF THE SEARCH

16.      Based on the time of each carjacking and the distance between that location and the

5

location of the FFL store, it is likely that only the subjects' mobile devices would have used the towers that served the areas near each of the events described above.  Identifying a mobile device that used those towers on the specified date and times would lead to the identification of the subjects.  Each of the subjects' mobile devices would have a unique telephone number and Electronic Serial Number ("ESN"), which is registered to a respective carrier.  The carrier would have identifying subscriber information, which can be used to identify the individual utilizing a specific mobile device.  Upon identification of a mobile device, I will obtain a subpoena to obtain the subscriber information from the respective carrier to further the investigation.

## REQUEST FOR A SEARCH WARRANT

17.     Given the facts set forth above, I have probable cause to believe the records described in Attachment A would identify which wireless devices were in the immediate vicinity of the addresses listed in Attachment A around the time the carjacking occurred on April 30, 2018 at approximately 12:54 AM.  This information, in turn, will assist law enforcement in determining the wireless devices utilized by the subjects.

18.     WHEREFORE, I respectively request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents assisting in the above described investigation, to analyze the records, as described in Attachment A, for the purpose of identifying the individual responsible for the armed carjacking described above.

Jessica Woodin
Special Agent – Bureau of Alcohol, Tobacco, Firearms and Explosives

6

*SAG-18-2047*
*to*
*SAG-18-2050*

Sworn to before me on this _____ day of July 2018.


_____

STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### I.    The Cell Towers

This order applies to certain records and information associated with cellular telephone towers ("cell towers") that provide coverage to the following areas at the listed date and times:

| Location | Dates | Times |
|---|---|---|
| 702 Peterson Road, Middle River, Maryland 21220 | April 30, 2018 | 12:45 AM through 1 AM (EST) |

### II.    Records and Other Information to Be Disclosed

For the cell tower described in Part I of this Attachment, the Service Providers named in the Search Warrant are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made using the cell tower during the corresponding timeframe(s) listed in Part I, including the records that identify:

A.    the telephone call number and unique identifiers for each wireless device in the vicinity of the tower ("the locally served wireless device") that registered with the tower, including Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Numbers ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), and International Mobile Equipment Identities ("IMEI");

8

B.      the source and destination telephone numbers associated with each communication

(including the number of the locally served wireless device and the number of the

telephone that called, or was called by, the locally served wireless device);

C.      the date, time, and duration of each communication;

D.      the "sectors" (i.e. the faces of the towers) that received a radio signal from each

locally served wireless device; and

E.      the type of communication transmitted through the tower (such as phone call or text

message).

These records should include records about communications that were initiated before or

terminated after the specified time period, as long as part of the communication occurred during

the relevant time period identified in Part I.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by [Provider], and my official title is _____. I am a custodian of records for [Provider]. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of [Provider], and that I am the custodian of the attached records consisting of _____ (pages/DVDs/terabytes). I further state that:

        a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

        b.     such records were kept in the ordinary course of a regularly conducted business activity of [Provider]; and

        c.     such records were made by [Provider] as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.


_____          _____
Date                                                        Signature